(R.D. 11204)

ALVIN NAIMAN CORPORATION v. UNITED STATES

Entry No. 2354, etc.

(Decided July 7, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LANDIS, Judge: The appeals for reappraisement listed in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED, subject to approval by the court:

That the appeals for reappraisement listed in Schedule A, attached hereto and made a part hereof, are limited to the merchandise described on the invoices as Dolomite or screenings or stone with or without other words of description.

That the merchandise and issues are similar in all material respects to those in *Alvin Naiman Corp.* v. *United States*, Reap. Dec. 11008, and that the record of that case may be incorporated herein; that at the time of exportation of the merchandise involved herein the price at which merchandise, such as or similar to the imported merchandise, was freely sold or, in the absence of sales, offered for sale in the principal markets of Canada, the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value less the following charges: trucking at Pt. Colborne from quarry to dock, $0.15 (Canadian currency) per net ton, and stacking at Pt. Colborne, $0.05 per net ton (Canadian currency).

That the instant appeals are submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as a statement of facts and upon the authority cited therein, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for the determination of the value of the merchandise here involved, and I find and hold that such statutory value is the appraised value, less the following charges: Trucking at Port Colborne from quarry to dock, $0.15 (Canadian currency) per net ton, and stacking at Port Colborne, $0.05 per net ton (Canadian currency).

Judgment will be entered accordingly.